(Reap. Dec. 11126)

INTERNATIONAL PACKERS, LIMITED *v.* UNITED STATES

Entry No. 795, etc.

(Decided January 26, 1966)

*Barnes, Richardson & Colburn* for the plaintiff.
*John W. Douglas*, Assistant Attorney General, for the defendant.

DONLON, Judge: The appeals for reappraisement recited in schedule "A," attached to and made a part of this decision, have been sub-

mitted for decision upon the following stipulation of counsel for the parties:

IT IS HEREBY STIPULATED AND AGREED, by and between the attorneys for the parties hereto, subject to the approval of the court:

That the appeals for reappraisement listed in Schedule "A" hereto attached and made a part hereof are limited to canned beef produced in Argentina, and exported therefrom during the period January 1, 1959 to and including December 31, 1959 and are abandoned as to all other merchandise; that this stipulation is limited, in the case of reappraisement R61/11279, to Argentine canned beef, and in the case of reappraisements R61/7244, R61/7795, R61/7808 and R61/11636, to canned/cooked meats exported from Argentina, in accordance with the Order entered herein dated November 24, 1965, granting defendant's motion to dismiss the appeals with regard to other merchandise and excluding from these appeals such merchandise as is described in a schedule contained in said Order.

That the involved merchandise was entered, or withdrawn from warehouse for consumption, after the effective date (February 27, 1958) of the Customs Simplification Act of 1956 (Public Law 927, 84th Congress, T.D. 54165).

That the merchandise described in Schedule "B" hereto attached and made a part hereof is identified on the Final List published by the Secretary of the Treasury pursuant to the said Simplification Act (T.D. 54521). That the said merchandise described in Schedule "B" was appraised under Sec. 402a(e) of the Tariff Act of 1930, as amended.

That on or about the dates of exportation such or similar merchandise described in Schedule "B" was not freely offered for sale for home consumption in Argentina or for export to the United States.

That with regard to the said merchandise described in said Schedule "B", the issues are similar in all material respects to those involved in *International Packers, Ltd.* v. *United States*, Reap. Dec. 10696; that the record in the said cited case may be incorporated herein.

That the appraiser, in computing United States value under Section 402a(e), included as an element of such value an amount paid by the exporter as so-called Argentine retention tax; that the periods of exportation and the appraised and claimed United States values, per dozen tins, net packed, of the merchandise within the respective exportation periods, are as recited in said Schedule "B"; that the allowance for the so-called Argentine retention tax, and the adjustment for difference in duty resulting from the allowance thereof, represent the difference between the appraised and claimed values in each instance.

That the merchandise described in Schedule "C" hereto attached and made a part hereof is not identified in said Final List (T.D. 54521). That the said merchandise described in Schedule "C" was appraised under Section 402(d), Tariff Act of 1930 as amended by the Customs Simplification Act of 1956.

That with regard to the said merchandise described in said Schedule "C", the issues are similar in all material respects to those involved in

*International Packers, Ltd.* v. *United States*, Reap. Dec. 10724; that the record in the said cited case may be incorporated herein.

That on or about the dates of exportation, such or similar merchandise was not freely sold or offered for sale in Argentina for exportation to the United States; that on or about said dates of exportation and for a period of at least 90 days thereafter, such or similar imported merchandise was not freely sold or offered for sale for domestic consumption in the United States.

That the periods of exportation and the appraised and claimed constructed values per dozen tins net packed, of the merchandise within the respective exportation periods, are as recited in said Schedule "C"; that the difference in each instance between appraised and claimed values is the allowance for the so-called Argentine retention tax on the exported merchandise, which the appraiser included as a component of constructed value.

That the said Argentine export charge involved in the present appeals was imposed or exacted pursuant to the same Argentine decrees, or other Argentine legal authorities, that were construed by the court in the incorporated cases.

That the appeals for reappraisement listed in Schedule "A" are submitted for decision on the incorporated records and this stipulation.

Accepting this stipulation as an agreed statement of facts and on authority of the respective decisions cited therein, I find and hold:

1. That United States value, as defined in section 402a(e) of the Tariff Act of 1930, so renumbered by the Customs Simplification Act of 1956 (T.D. 54165), is the proper basis for determining value of the entered canned meat listed on schedule "B," attached to and made a part of this decision, packed in container sizes identified on such schedule, and exported from Argentina during the period January 1, 1959, through December 31, 1959, described on the invoices of the entries covered by the appeals for reappraisement recited in schedule "A"; and that such values per dozen tins, net packed, of said canned meat are the respective values shown as plaintiff's claimed values on schedule "B," for the respective products and sizes of container described on the invoices and stated in each entry and recited in said schedule "B," during those periods which correspond to the respective times of exportation of the schedule "B" canned meats, covered by the appeals for reappraisement recited in schedule "A."

2. That constructed value, as defined in section 402(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956 (T.D. 54165), effective on the dates the merchandise was entered, or withdrawn from warehouse, for consumption, is the proper basis for determination of the value of the entered canned meat, listed on schedule "C," attached to and made a part of this decision, packed in container sizes identified on such schedule, and exported from Argentina, during the period January 1, 1959, through December 31, 1959, described on the invoices of the entries covered by the appeals

for reappraisement recited in schedule "A," and that such values per dozen tins, net packed, of said canned meat are the respective values shown as plaintiff's claimed values on schedule "C," for the respective products and sizes of container described on the invoices and stated in each entry and recited in said schedule "C," during those periods which correspond to the respective times of exportation of the schedule "C" canned meats, covered by the appeals for reappraisement recited in schedule "A."

As to all other merchandise, these appeals for reappraisement are dismissed.

Judgment will be entered accordingly.